UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

TEREGINALD WALLACE                                           PETITIONER
ADC #124374

V.                              NO. 4:20-CV-00359-JM-JTR

DEXTER PAYNE, Director,
Arkansas Division of Correction                              RESPONDENT

## RECOMMENDED DISPOSITION

The following Recommended Disposition ("Recommendation") has been sent to United States District Judge James M. Moody, Jr. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

### I. Background

Pending before the Court is a § 2254 Petition for a Writ of Habeas Corpus filed by Petitioner Tereginald Wallace ("Wallace"). *Doc. 2*. Before addressing Wallace's habeas claims, the Court will review the procedural history of the case in state court.

On December 2, 2002, Wallace pleaded guilty to possession of a controlled substance with intent to deliver and was sentenced, as a habitual offender, to 10 years in the Arkansas Department of Correction, followed by 5 years' suspended imposition of sentence. *State v. Wallace*, Pulaski County Cir. Ct. No. 2002-3463; Doc. 18-1. The sentencing order was entered on December 11, 2002. *Id.*[1]

Because Wallace entered a guilty plea, he waived his right to a direct appeal. Ark. R. App. P. Crim. 1. Nevertheless, *on June 10, 2019*, Wallace filed a Notice of Appeal in Pulaski County Cir. Ct. No. 2002-3463.[2] Wallace failed to lodge the record within ninety days from the filing of the notice of appeal. *See* Ark. R. App. P. Crim. 4. Thus, it appears Wallace has now abandoned his belated and futile attempt to pursue a direct appeal.

On March 30, 2020, Wallace initiated this § 2254 habeas action, claiming that he pleaded guilty based on constitutionally ineffective advice from his trial counsel and that he is actually innocent. *Docs. 2, 8, and 12*.

On April 30, 2020, one month after initiating this habeas action and almost two decades after the deadline for pursuing an ineffective assistance of counsel claim

---

[1] On September 19, 2002, in an unrelated case, a Pulaski County jury found Wallace guilty of first-degree murder for which he is currently serving a 40-year prison sentence. *State v. Wallace*, Pulaski County Cir. Ct. No. 60CR-02-1493 (the docket is accessible to the public online at https://caseinfo.arcourts.gov/cconnect). The 10-year sentence he challenges in this habeas action runs *consecutive* to his 40-year sentence. Doc. 18-1 at 3.

[2] *See* https://caseinfo.arcourts.gov/cconnect.

in a Rule 37 proceeding before the state trial court, Wallace filed a Rule 37 Petition in Pulaski County Cir. Ct. No. 2002-3463.[3]   To date, this Rule 37 Petition remains pending.

On May 6, 2020, Respondent filed a Motion to Dismiss, arguing that Wallace's habeas claims are time-barred. *Doc. 18*. Wallace has filed two Responses in opposition. *Docs. 28 and 30*.

For the reasons explained below, the Court recommends dismissing Wallace's § 2254 habeas petition, with prejudice.

## II. Discussion

Generally, a state prisoner seeking to challenge his state court conviction in federal court must file a petition for habeas relief within one year after the state "judgment of conviction becomes final" by conclusion of direct review or the expiration of the time for seeking such review. 28 U.S.C. § 2244(d)(1)(A). Under Arkansas law, a defendant who enters a guilty plea gives up the right to a direct appeal of his conviction.[4] Ark. R. App. P. Crim. 1. Following a defendant's entry

---

[3] *See* https://caseinfo.arcourts.gov/cconnect.

[4] Under Arkansas law, there is no right to appeal a guilty plea, except for a conditional plea of guilty premised on an appeal of the denial of a suppression motion pursuant to Ark. R. Crim. P. 24.3. Ark. R. App. P. -Crim. 1.  The Arkansas Supreme Court has recognized two additional exceptions to this general rule: (1) a challenge to testimony or evidence presented before a jury in a sentencing hearing separate from the plea itself; and (2) an appeal of a post-trial motion challenging the validity and legality of the sentence itself. *Seibs v. State*, 357 Ark. 331, 334, 166 S.W.3d 16, 17 (2004) (citations omitted).  None of those exceptions apply to Wallace's guilty plea in Pulaski County Cir. Ct. No. 2002-3462. *Doc. 18-1*.

of a guilty plea, the "judgment of conviction becomes final" thirty days after the entry of his judgment of conviction. Ark. R. App. P. Crim. 2(a)(1); *Camacho v. Hobbs*, 774 F.3d 931, 935 (8th Cir. 2015).

Wallace pleaded guilty on December 2, 2002. On December 11, 2002, the trial court entered its judgment of conviction and sentence. Thirty days later, on January 10, 2003, his conviction became final. Absent any applicable periods for statutory or equitable tolling, Wallace had one year from that date, or until Monday, January 12, 2004, to file his federal habeas Petition. *See* 28 U.S.C. § 2244(d)(1)(A).

Because Wallace did not file a Rule 37 Petition *before* the one-year limitations period expired, he is not entitled to any statutory tolling. 28 U.S.C. § 2244(d)(2) (the one-year limitations period is tolled while a "properly filed" Rule 37 Petition for post-conviction relief is pending in state court). Accordingly, this action is time-barred unless Wallace can establish: (1) a legal basis for equitably tolling the one-year limitations period; or (2) his "actual innocence."

### A. Wallace Is Not Entitled To Equitable Tolling.

The one-year limitations period for initiating a § 2254 habeas action may be equitably tolled if a petitioner can demonstrate that: (1) he has been "pursuing his rights diligently," but (2) "some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 130 S.Ct. 2549, 2560, 2562 (2010). "Equitable tolling is an exceedingly narrow window of relief[,]" and "[t]he burden

of demonstrating grounds warranting equitable tolling rests with the petitioner." *Finch v. Miller*, 491 F.3d 424, 427 (8th Cir. 2007) (omitting citation); *Earl v. Fabian*, 556 F.3d 717, 722 (8th Cir. 2009).

In his habeas Petition, Wallace contends that his seventeen-year delay in initiating this habeas action should be excused because he has been in administrative segregation for the past nine years, without access to the law library. *Doc. 12 at 12-13*. Additionally, he claims that he suffers a learning disability that, until now, prevented him from filing his habeas Petition.[5] *Id.*

The Eighth Circuit has repeatedly held that a petitioner's *pro se* status, lack of legal knowledge or resources, or any confusion about the federal limitations period or state post-conviction law does not justify equitable tolling. *Johnson v. Hobbs*, 678 F.3d 607, 611 (8th Cir. 2012); *Shoemate v. Norris*, 390 F.3d 595, 597-598 (8th Cir. 2004); *Baker v. Norris*, 321 F.3d 769 (8th Cir. 2003). Even if Wallace was in administrative segregation for the full year prior to the filing deadline of January 12, 2004, he still could have initiated this action on a timely basis by raising his ineffective assistance of trial counsel and actual innocence claim. If he was being denied access to the law library, he could have requested the federal habeas court to order the ADC to allow him access to the law library and such an order would have

---

[5] According to Wallace, he has spent the last nine years teaching himself to read and write. *Doc. 28 at 2.*

5

been entered. However, belatedly claiming, decades after the fact, that being in administrative segregation for nine years prevented him from initiating this action, on or before January 12, 2004, falls far short of demonstrating "diligence" in pursuing his claims or an "extraordinary circumstance . . . [that] prevented [him from] timely filing" this action.

As to his claim that a learning disability prevented him from pursuing habeas relief until now, the Eighth Circuit has recognized that a habeas petitioner's "mental impairment can be an extraordinary circumstance interrupting the limitation period," *if* the impairment is of sufficient "degree and duration." *Martin v. Fayram*, 849 F.3d 691, 698 (8th Cir. 2017) (citing *Nichols v. Dormire*, 11 Fed. Appx. 633, 634 (8th Cir. 2001)). However a habeas petitioner must show that his mental impairment "was so severe that it precluded him from filing court documents or seeking the assistance of others to do so." *Fayram*, 849 F.3d at 698.

Here, Wallace claims he suffers a "learning disability," not a "mental impairment," and claims, over the last nine years, he has taught himself to read and right, which finally enabled him to file this habeas action on March 30, 2020. *Doc. 28 at 2*. However, he has not presented *any evidence* to support this far-fetched story. Having been incarcerated in the ADC for almost twenty years, there should be a host of ADC documents accessible to Wallace that would reflect evidence of a

learning disability or an inability to read and write.  Yet, Wallace produced no documents to support his claim of being illiterate or having a learning disability.

Even more significantly, however, this claim by Wallace is flatly contradicted by the fact he successfully filed a *pro se* § 2254 habeas action, *in 2014*, challenging his state court conviction for first-degree murder.  *Wallace v. Hobbs*, No. 5:14-cv-109-JLH (E.D. Ark.).  In that habeas action, Wallace successfully: (1) filed his *pro se* habeas Petition articulating his claims; (2) complied with court orders; (3) responded to a motion to dismiss; and (4) filed timely objections to the recommended disposition suggesting that his habeas action be dismissed.  *Id*.

After the district court dismissed his habeas action, Wallace successfully filed a *pro se* appeal to the Eighth Circuit.  *Wallace v. Hobbs*, No. 14-3591 (8th Cir.) On March 11, 2015, the Eighth Circuit summarily dismissed the appeal.

Because Wallace was able to successfully initiate and pursue federal habeas relief in an action he filed almost six years ago in the Eastern District of Arkansas, his argument that he has a learning disability that is so severe it "precluded him from filing court documents or seeking the assistance of others to do so" until March 30, 2020, is spun out of whole cloth and provides no basis for equitable tolling.  *Fayram*, 849 F.3d at 698.

### B.   Wallace Has Not Come Forward With Any New Evidence To Support His Claim Of Actual Innocence.

Despite Wallace's 2002 guilty plea, in his habeas Petition he argues that he is actually innocent.[6] In *McQuiggan v. Perkins*, 569 U.S. 383, 386 (2013), the Court explained that "actual innocence, if proved, serves as a gateway through which a petitioner may pass" to overcome the expiration of the statute of limitations. The Court cautioned, however, that "tenable actual-innocence gateway pleas are rare: [A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Id.* (quoting *Schlup v. Delo*, 513 U.S. 298, 329 (1995), and *House v. Bell*, 547 U.S. 518, 538 (2006)) (internal quotations omitted).

The actual innocence exception requires a habeas petitioner to come forward with "new reliable evidence" which was "not available at trial through the exercise of due diligence." *Schlup*, 513 U.S. at 324; *Kidd v. Norman*, 651 F.3d 947, 953 (8th Cir. 2011), cert. denied, 568 U.S. 838 (2012).[7]

---

[6] Wallace's guilty plea does not foreclose his actual innocence claim. *See Weeks v. Bowersox*, 119 F.3d 1342, 1355 (8th Cir. 1997) (en banc); *Barrington v. Norris*, 49 F.3d 440, 441 (8th Cir. 1995). However, as Judge Loken observed in *Weeks*, "there is an inherent paradox in the notion that someone who has stood in open court and declared, 'I am guilty,' may turn around years later and claim that he deserves to pass through the actual innocence gateway." *Weeks*, 119 F.3d at 1355 (Loken, J., concurring).

[7] The law is clear that, "[w]ithout any new evidence of innocence, even the existence of a concededly meritorious constitutional violation is not in itself sufficient to establish a miscarriage

Wallace contends that, on November 11, 2001, he was changing a tire in front of his mother's house when he was arrested by Little Rock police officers who believed he had robbed a bank. *Doc. 2 at 3*. After he was taken into custody, a search warrant was executed on his mother's house. *Id*. During the search, officers discovered guns and drugs inside the house. *Id*. Wallace was charged with possession of a controlled substance with intent to deliver and simultaneous possession of drugs and firearms.[8] *Id.*

Wallace argues that, because the guns and drugs were in his mother's house, instead of on his person, a jury could not have found him guilty of the offenses. *Id*. He also makes a convoluted argument about only agreeing to plead guilty to the drug possession charge to get the prosecutor to drop similar criminal charges pending against his mother and girlfriend. According to Wallace, his trial counsel told him, if he followed this strategy, he could later withdraw his guilty plea and prove his own actual innocence. *Id. at 4*.

---

of justice that would allow a habeas court to reach the merits of a barred claim." *Schlup*, 513 U.S. at 316; *Nooner v. Hobbs*, 689 F.3d 921, 937 (8th Cir. 2012) (when a habeas petitioner fails to present new, reliable evidence of innocence, "it is unnecessary to conduct a further *Schlup* analysis."). To obtain review of his otherwise defaulted claim, "it is the petitioner's, not the court's, burden to *support* his allegations of actual innocence by *presenting* new reliable evidence of his innocence." *Weeks v. Bowersox*, 119 F.3d 1342, 1353 (quoting *Battle v. Delo*, 64 F.3d 347 (8th Cir. 1995)) (internal marks omitted).

[8] The simultaneous possession of drugs and firearms charge was later nolle-prossed. *Doc. 18-1*.

Finally, Wallace contends that, if the Court orders his trial attorney, the prosecutor, the Pulaski County Circuit Court, or the Arkansas Attorney General to produce his case file, *which was available when he entered his guilty plea over seventeen years ago*, he can prove his actual innocence. *Doc. 2*.

Nothing in any of these arguments rise to the level of a colorable claim that he is actually innocent of the drug offense to which he pleaded guilty. Instead, Wallace asks this Court to allow him to conduct a fishing expedition into his seventeen-year-old case file, without explaining the smoking gun it might contain that will establish his "actual innocence."

Finally, on the face of this argument, there cannot be any "new evidence" in his seventeen-year-old case file. All of the evidence in that file was available to him and his attorney at the time he entered his guilty plea. *Battle*, 64 F.3d at 354 (The "actual innocence" gateway exists "to avoid fundamental miscarriages of justice, not to provide the opportunity for fishing expeditions and delay or ... a second trial.").

Wallace has failed to present any *new* evidence, *unavailable* to him at the time he entered his guilty plea, to support his "actual innocence" claim. Thus, there is nothing in the record that comes close to suggesting "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Brownlow v. Grouse*, 66 F.3d 997, 999 (8th Cir. 1995) (quoting *Schlup*, 513 U.S. at 322).

### III. Conclusion

Wallace's § 2254 Petition was filed over sixteen years after the one-year limitations period expired. Because there is no factual or legal support for his claim of actual innocence or for equitable tolling, all of Wallace's habeas claims are time-barred and should be dismissed.

IT IS THEREFORE RECOMMENDED THAT:

1. Respondent's Motion to Dismiss (*Doc. 18*) be GRANTED.

2. Wallace's Motion for Relief (*Doc. 13*) be DENIED as MOOT.

3. Wallace's Motion to Compel (*Doc. 14*) be DENIED as MOOT.

4. The Petition for a Writ of Habeas Corpus and amendments thereto (*Docs. 2, 8, and 12*) be DISMISSED, with prejudice.

5. A Certificate of Appealability be DENIED. *See* 28 U.S.C. § 2253(c)(1)-(2); Rule 11(a), Rules Governing § 2254 Cases in United States District Courts.

DATED this 26th day of June, 2020.

_____
UNITED STATES MAGISTRATE JUDGE